**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ALLIED VAN LINES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 08 CV 3186 |
| v. | ) | |
| | ) | Judge Darrah |
| EDWARDS MOVERS, INC., a Massachusetts | ) | |
| Corporation, WAYNE J. EDWARDS and | ) | Magistrate Judge Denlow |
| TERESA EDWARDS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO COMPLAINT**

NOW COME the Defendants, EDWARDS MOVERS, INC., a Massachusetts Corporation,

WAYNE J. EDWARDS and TERESA EDWARDS,  (hereinafter referred to as "EDWARDS

MOVERS" or "WAYNE J. EDWARDS" or TERESA EDWARDS" or "Defendants"), by and

through its attorneys, JOEL H. STEINER, and AXELROD, GOODMAN, STEINER & BAZELON,

and hereby answers the Complaint of Plaintiff, ALLIED VAN LINES, INC., (hereinafter referred

to as "ALLIED" or "Plaintiff"), as follows:

**THE PARTIES**

1.      Plaintiff, Allied, at all times was and is a corporation incorporated under the laws of the State

of Delaware, having a principal place of business in Westmont, Illinois.

**ANSWER:    Defendants have insufficient knowledge or information sufficient to form a**

**belief as to the truth of the matters alleged in paragraph #1 of the Complaint.**

2.      Defendant, Edwards Movers, Inc. ("Edwards Movers"), is a Massachusetts corporation, having its principal place of business in Easton, Massachusetts.

**ANSWER:    Defendant admits the allegations of paragraph #2 of the Complaint.**

3.      Defendant, Wayne J. Edwards ("Wayne Edwards"), is an individual and resident of the State of Massachusetts.

**ANSWER:    Defendant admits the allegations of paragraph #3 of the Complaint.**

4.      Defendant, Teresa Edwards ("Teresa Edwards"), is an individual and resident of the State of Massachusetts.

**ANSWER:    Defendant admits the allegations of paragraph #4 of the Complaint.**

## JURISDICTION

5.      This Court has original jurisdiction over this matter by virtue of 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum of $75,000.00 and is between parties of diverse citizenship. Further, supplemental jurisdiction exists over all other claims pursuant to 28 U.S.C. § 1367(a).

**ANSWER:    Defendant admits the allegations of paragraph #5 of the Complaint.**

## VENUE

6.      Venue is proper in the United States District Court, Northern District of Illinois, Eastern Division, in that a substantial part of the events and omissions giving rise to this action occurred in

this District.  28 U.S.C. §§ 1391(a)(2) and (b)(2).

**ANSWER:    Defendants deny each and every allegation of paragraph #6 of the Complaint.**


## FACTUAL BACKGROUND

7.    At all relevant times, Allied provided interstate transportation services for the general public.

**ANSWER:    Defendants admit the allegations of paragraph #7 of the Complaint but denies**

**that they are relevant to any matter in dispute between the parties.**


8.    Allied offers its household goods transportation services via the use of independent agents who provide Allied with representation in local markets.

**ANSWER:    Defendants admit the allegations of paragraph #8 of the Complaint but denies**

**that they are relevant to any matter in dispute between the parties.**


9.    On or about October 7, 2002, Wayne Edwards and Teresa Edwards executed a Guaranty of Payment ("Guaranty") whereby they each agreed to be personally liable for any and all debts of Edwards Movers to Allied.  A true and correct copy of the Guaranty is attached hereto as Exhibit "A".

**ANSWER:    Defendants admit that they executed the Guaranty except Defendants deny it**

**has any application to any matter in dispute or that it is valid and enforceable.**


10.    On or about March 28, 200, Edwards Movers executed a Combined Note and Security Agreement ("Loan 12564") for the amount of $42,000.  Loan 12564 was secured by one 1999

Freightliner Tractor, VIN 1FUYDXYB2XPA81702 and further identified as AVL #34561. Pursuant to the terms of Loan 12564, the above described security was intended to secure not only the debt described in Loan 12564 but any and all debts between Edwards Movers and Allied.  A true and correct copy of Loan 12564 is attached hereto as Exhibit "C".

**ANSWER:    Defendants admit that they executed the Guaranty and specifically Defendants deny it has any application to any matter in dispute or that it is valid and enforceable.**

11.    On or about March 1, 2004, Edwards Movers executed a second Combined Note and Security Agreement ("Loan 14578") for the amount of $27,900.  Loan 14578 was secured by one 2000 Freightliner Straight Truck, VIN 1FVGHFBA51HH05088 and further identified as AVL #21350.  Pursuant to the terms of Loan 14578, the above described security was intended to secure not only the debt described in Loan 14578 but any and all debts between Edwards Movers and Allied.  A true and correct copy of Loan 14578 is attached hereto as Exhibit "D".

**ANSWER:    Defendants admit that they executed the Guaranty and specifically Defendants deny it has any application to any matter in dispute or that it is valid and enforceable.**

12.    On or about May 24, 2005, Edwards Movers entered into an Agency Contract ("Agency Contract') with Allied replacing its prior agency contract, in which Edwards Movers agreed to act as the independent agent of and for Allied in the local markets in and around Easton, Massachusetts. A true and correct copy of the Agency Contract is attached hereto as Exhibit "E".

**ANSWER:    Defendants admit each and every allegation of paragraph #12 of the Complaint**

**but deny that said contract has any application to any matter in dispute between**

**the parties.**

13.    Pursuant to the terms of the Agency Contract, Edwards Movers maintained an Account (the "Account") with Allied.  As shown by the Agent Commission Statement ("Statement") attached hereto as Exhibit "F", there is an outstanding balance of $96,642.63 on the Account due and owing from Edwards Movers to Allied.

**ANSWER:    Defendants deny each and every allegation of paragraph #13 of the Complaint.**

### FIRST CAUSE OF ACTION
#### (Breach of Contract)

14.    Allied repeats and realleges the allegations contained in paragraphs 1 through 13 inclusive.

**ANSWER:    Defendants repeat and reallege paragraphs 1 through 13 of this Answer as its**

**answer to paragraph # 14 of the Complaint as if fully set forth herein.**

15.    As part of the Agency Contract, Edwards Movers maintained an Account with Allied.

**ANSWER:    Defendants admit the allegations of paragraph #15 of the Complaint but deny**

**any application to any matter in dispute between the parties.**

16.    As of the April 30, 2008 Statement, there is due and owing on the Account from Edwards Movers to Allied the sum of $96,642.63 (the "Balance").

**ANSWER:    Defendants deny each and every allegation of paragraph #16 of the Complaint.**

17.    As of the date of this Complaint, Edwards Movers is not entitled to any additional credits and/or offsets of any sort with respect to the Balance.

**ANSWER:    Defendants deny each and every allegation of paragraph #17 of the Complaint.**

18.    Despite demand, Edwards Movers has refused and continues to refuse to pay any portion of the aforesaid Balance with Allied.

**ANSWER:    Defendants admit demand was made and refusal to pay because no money is owed.**

**SECOND CAUSE OF ACTION**
**(Detinue)**

19.    Allied repeats and realleges the allegations contained in paragraphs 1 through 18 inclusive.

**ANSWER:    Defendants repeat and reallege paragraphs 1 through 18 of this Answer as its answer to paragraph # 19 of the Complaint as if fully set forth herein.**

20.    Edwards Movers is detaining from Allied, one 1999 Freightliner Tractor, VIN 1FUYDXYB2XPA81702 and further identified as AVL #34561 and one 2000 Freightliner Straight Truck, VIN 1FVGHFBA51HH05088 and further identified as AVL #21350 (collectively, the "Collateral").  The estimated value of said Collateral is believed to exceed $30,000.

**ANSWER:    Defendants deny each and every allegation of paragraph #20 of the Complaint.**

21.    Pursuant to the terms of Loans 14578 and 12564, Allied is entitled to possession of the

Collateral in order to offset amounts owed to Allied by Edwards Movers on its Account.

**ANSWER:    Defendants deny each and every allegation of paragraph #21 of the Complaint.**

22.    As of the date of this Complaint, the Account has an unpaid balance of $96,642.63 due and

owing from Edwards Movers to Allied.

**ANSWER:    Defendants deny each and every allegation of paragraph #22 of the Complaint.**

23.    Allied has a right to possession of the Collateral that is superior to that of Edwards Movers

per Loans 14578 and 12564.

**ANSWER:    Defendants deny each and every allegation of paragraph #23 of the Complaint.**

24.    Allied has demanded return of the property from Edwards Movers and Edwards Movers has

refused to comply.

**ANSWER:    Defendants deny each and every allegation of paragraph #24 of the Complaint.**

### THIRD CAUSE OF ACTION
### (Breach of Guaranty)

25.    Allied repeats and reallages the allegations contained in paragraphs 1 through 24 inclusive.

**ANSWER:    Defendants repeat and reallege paragraphs 1 through 24 of this Answer as its**

**answer to paragraph # 25 of the Complaint as if fully set forth herein.**

26.     Pursuant to the terms of the Guaranty, Wayne Edwards and Teresa Edwards agreed to be personally liable for any and all debts owed by Edwards Movers to Allied.

**ANSWER:    Defendants deny each and every allegation of paragraph #26 of the Complaint.**

27.     As of the date of this Complaint, there remains due and owing from Edwards Movers to Allied the sum of $96,642.63 (the "Balance"), of which no portion has been paid.

**ANSWER:    Defendants deny each and every allegation of paragraph #27 of the Complaint.**

28.     As of the date of this Complaint, Edwards Movers is not entitled to any additional credits and/or setoffs of any sort with respect to the Balance.

**ANSWER:    Defendants deny each and every allegation of paragraph #28 of the Complaint.**

29.     Despite demand, Wayne Edwards and Teresa Edwards have refused and continue to refuse to pay any portion of the aforesaid Balance with Allied.

**ANSWER:    Defendants admit demand was made and refusal to pay because no money is owed.**

**PRAYER FOR RELIEF**

WHEREFORE, Defendants, EDWARDS MOVERS, INC., a Massachusetts Corporation,

WAYNE J. EDWARDS and TERESA EDWARDS, pray that this Court dismiss in full the

Complaint of Plaintiff, ALLIED VAN LINES, INC., and that they be awarded their attorney's fees

and costs in defending this suit and for any other relief deemed just and proper.

Respectfully submitted,

EDWARDS MOVERS, INC., WAYNE J.
EDWARDS and TERESA EDWARDS,
Defendants,

By:    /s/ Joel H. Steiner
       Joel H. Steiner One of their Attorneys

OF COUNSEL:

AXELROD, GOODMAN, STEINER & BAZELON
39 South LaSalle Street, Suite 920
Chicago, Illinois 60603
ARDC # 02720108
312-236-9375
312-236-2877 fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of July, 2008, a copy of the foregoing

Defendants' Answer to Plaintiff's Complaint was filed electronically. Notice of this filing will be sent

to all parties registered with the Court's electronic filing system by operation of the Court's system.

Parties may access this filing through the Court's system which will send notification of such filing(s)

to the following:

Dennis E. French, Esq.
John Buscher, Esq.
Dombroff Gilmore Jaques & French, P.C.
10 S. LaSalle Street, Suite 1120
Chicago, Illinois 60603

/s/ Joel H. Steiner
Joel H. Steiner