UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLIED VAN LINES, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 3186 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| EDWARDS MOVERS, INC.; | ) | |
| WAYNE J. EDWARDS; TERESA EDWARDS; | ) | |
| McWALTER-VOLUNTEER INSURANCE ) | | |
| AGENCY, INC.; and TRAVELERS PROPERTY | ) | |
| CASUALTY COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Allied Van Lines, Inc. ("Allied") brought suit against Defendant McWalter-
Volunteer Insurance Agency, Inc. ("McWalter") and other Defendants, alleging breach of
contract (Counts I and V), detinue (Count II), breach of guaranty (Count III) and promissory
estoppel (Count IV). Before the Court is McWalter's motion to dismiss Count IV -- the only
count in which McWalter is named -- for lack of personal jurisdiction and improper venue or, in
the alternative, to transfer the case to the United States District Court for the District of
Massachusetts.

## BACKGROUND

Allied, a corporation incorporated under the laws of the state of Delaware and having its
principal place of business in Westmont, Illinois, provides interstate transportation services to the
general public. Allied offers household good transportation services via the use of independent
agents who provide Allied with representation in local markets.

On or about May 24, 2004, Allied entered into an agency contract with Defendant Edwards Movers, Inc. ("Edwards"), a Massachusetts corporation, having its place of business in Easton, Massachusetts. Under the terms of the contract, Edwards agreed to act as the independent agent of Allied in the local markets in and around Easton, Massachusetts. The contract required Edwards to procure insurance that covered Allied as an additional insured for the purpose of insuring and indemnifying Allied from any liability for the shipment and/or storage of household goods by Edwards. Pursuant to that obligation, Edwards obtained an insurance policy from Defendant Travelers Property Casualty Company of America ("Travelers") through a broker, McWalter. At the request of Edwards and as required under the contract, McWalter issued a certificate of insurance to Allied, which listed Allied as an additional insured of the Travelers policy. McWalter, from its offices in Massachusetts, faxed the certificate of insurance to Allied, in Illinois.

On or about May 10, 2007, Allied received a claim for damage to certain household goods that had been damaged while in storage with Edwards. Allied was obliged to incur costs in excess of $93,000 to settle the claim. Allied alleges that those costs were recoverable under Edwards' insurance policy with Travelers. However, Travelers denied the claim on the grounds that Allied was not listed as an additional insured under the policy.

In addition to various claims made against other Defendants, Allied seeks to recover from McWalter on the theory of promissory estoppel. Allied alleges that McWalter, by issuing the certificate of insurance, represented that Allied was an additional insured under the policy. Allied alleges that McWalter knew or should have known that Allied would rely on this

representation as evidence that Allied was listed as an additional insured. Allied further alleges that McWalter, at all relevant times, was aware that Allied was not an additional insured.

## ANALYSIS

When a defendant moves to dismiss under Rule 12(b)(2), the plaintiff has the burden of demonstrating the existence of personal jurisdiction. *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997) (*RAR*). In ruling on a motion to dismiss for lack of personal jurisdiction, a court may consider affidavits submitted by the parties and must accept all undisputed factual allegations as true. *International Truck and Engine Corp. v. Dow-Hammond Trucks Co.*, 221 F.Supp.2d 898, 901 (N.D. Ill. 2002) (*International Truck*). All factual disputes are resolved in favor of the plaintiff. *International Truck*, 221 F.Supp.2d at 901. Because this is a diversity action, the Court has personal jurisdiction only if an Illinois court would have personal jurisdiction. *RAR*, 107 F.3d at 1275-76. Exercise of jurisdiction over a defendant must comport with: (1) state statutory law; (2) state constitutional law; and (3) federal constitutional law. *RAR*, 107 F.3d at 1276. Because the Illinois long-arm statute authorizes personal jurisdiction to the limit allowed under the due process clauses of the Illinois and United States Constitutions, *see* 735 ILCS 5/2-209(c), the question is reduced to whether the exercise of personal jurisdiction would be consistent with the two constitutions. The Seventh Circuit has noted that "there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002). Thus, the analysis is further collapsed to the question of whether the exercise of personal jurisdiction in this case is contrary to the United States Constitution.

A state may assert general or specific jurisdiction over non-resident defendants: specific jurisdiction may result when the suit arises out of or relates to the defendant's contacts with the forum state; general jurisdiction is present only when "the defendant has 'continuous and systematic general business contacts' with the forum". *RAR*, 107 F.3d at 1277 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). Here, both sides agree that the test for general jurisdiction is not met. Thus, the remaining question is whether Allied can show specific jurisdiction over McWalter.

In determining whether specific jurisdiction exists, a court looks to whether the defendant has established minimum contacts within the forum state such that the exercise of personal jurisdiction would be reasonable and fair under the circumstances. *RAR*, 107 F.3d at 1277 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985)). "Crucial to the minimum contacts analysis is showing that the defendant should reasonably anticipate being haled into court in the forum State, because the defendant has purposefully availed itself of the privilege of conducting activities there." *RAR*, 107 F.3d 1277 (internal citations and quotations omitted).

It is undisputed that McWalter's only contact with Illinois that is relevant to the specific jurisdiction analysis was the transmission, by fax, of the certificate of insurance to Allied. The affidavit of John O'Donoghue, Treasurer of McWalter, confirms that McWalter's contact with Allied was limited to that single fax. Nothing in Allied's Complaint contradicts this assertion, and Allied has offered no affidavits to the contrary. Though Allied argues in its response brief that the transmission of the certificate of insurance "is not the whole sum of McWalter's contact with Illinois," (Pl.'s Resp. at 3), Allied does not say what those other contacts were. Thus, the Court accepts the O'Donoghue affidavit as uncontested and will proceed from the premise that

4

McWalter's sole contact with Illinois relevant to the personal jurisdiction analysis was the transmission of the certificate of insurance.

McWalter argues that a single communication with a party in Illinois does not establish minimum contacts sufficient to justify the exercise of specific jurisdiction. Allied counters that personal jurisdiction is present because Allied was injured in Illinois by McWalter's intentional acts. Allied argues, "it is clear with respect to tortious activity that personal jurisdiction is properly asserted where intentional actions aimed at Illinois cause harm to the plaintiff in Illinois and the defendant knew that such harm was likely to be suffered." (Pl.'s Resp. at 4.) Allied relies on *Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1202 (7th Cir. 1997), for the proposition that "the state in which the injury (and therefore the tort) occurs may require the wrongdoer to answer for its deeds even if events were put in train outside its borders." Allied goes on to cite a number of cases following *Janmark*, all of which hold that the exercise of personal jurisdiction is proper when the defendant has tortiously caused harm in the forum state.

As McWalter points out, however, Allied's only count directed against McWalter is for promissory estoppel, which is not a species of tort but, rather, is grounded in the principles of contract. *See Louis and Karen Metro Family, LLC v. Lawrenceburg Conservancy*, 2009 WL 1196938, at *9 (S.D. Ind. May 1, 2009); *Exhibit Icons, LLC v. XP Cos., LLC*, 2009 WL 806794, at *14 n. 8 (S.D. Fla. March 26, 2009). Thus, McWalter argues, Allied's arguments with respect to tort law are not on point. While admitting that it does not allege a tort claim against McWalter, Allied attempts to salvage its argument by asserting in a parenthetical that "the alleged facts are certainly sufficient to support a cause of action for fraud." (Pl.'s Resp. at 4.) However, Allied has not alleged fraud nor, indeed, all its elements; as McWalter points out,

Allied has not alleged that McWalter made a false statement with the intent to induce Allied to act. *See Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 841 (7th Cir. 2007) (setting out elements of fraud under Illinois law). Thus, the analysis offered by Allied is not relevant to the question before the Court.

Putting aside Allied's tort-based analysis, the single transmission from McWalter to Allied does not constitute the minimum contacts with Illinois that would reasonably cause McWalter to anticipate being haled into the Illinois courts. *See Harding Univ. v. Consulting Servs. Group, L.P.*, 22 F.Supp.2d 824, 832 (N.D. Ill. 1998) (single letter from the defendants to Illinois could not have made litigation in Illinois foreseeable). The transmission was an isolated act, performed at the request of a third party, Edwards. It was Edwards, not McWalter, that was party to a contract with Allied. There is no indication that McWalter expected further communication with Allied; and, indeed, except for this lawsuit, no further interaction occurred. In short, the evidence before the Court in no way demonstrates that McWalter purposefully sought to avail itself of the privilege of conducting business in Illinois. Therefore, as a result of insufficient contacts with Illinois to establish specific jurisdiction, the Court concludes that personal jurisdiction over McWalter is lacking.

Because personal jurisdiction is lacking, it is unnecessary to consider the other aspects of McWalter's motion.

## CONCLUSION

Defendant McWalter's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction

is granted. Defendant McWalter is dismissed from the case.

Dated: _June 3, 2009_

_____

JOHN W. DARRAH
United States District Court Judge